UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MICHAEL EDWARD KNUCKLES,

        Plaintiff,                                 Case No. 2:07-cv-68

v.                                                 Honorable R. Allan Edgar

AMY ALMLI, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.   Factual allegations

Plaintiff is presently incarcerated at the Baraga Maximum Correctional Facility (AMF). In his *pro se* complaint, he sues the following AMF employees: Classification Director Amy Almli; Registered Nurses Cathy Williams and Clara Chosa; and Physician's Assistant Richard Miller.

Plaintiff alleges that while he was housed in segregation between May and July 2006, he was precluded from prison employment. Defendants refused to provide him with soap, toothpaste and deodorant despite his indigent status. By July 19, 2006, he had developed bumps on his face, back and shoulders. The medical Defendants informed him that he had acne and would have to buy over-the-counter medication from the inmate store, although Plaintiff advised them of his indigent status.

For relief, Plaintiff requests $750 per day from December 1, 2005, to December 1, 2006, from each of the Defendants.

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of

substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's allegations implicate the Eighth Amendment for prison conditions and medical care. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged "must result in the denial of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

To state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts demonstrating that the challenged conditions resulted in a deprivation of a basic human need that is objectively "sufficiently serious," and that, subjectively, the defendant prison officials acted with a sufficiently "culpable state of mind" with regard to the condition. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Plaintiff's allegations do not satisfy the objective standard. Plaintiff's inability resulting from his unemployment to buy soap, toothpaste and deodorant does not amount to a denial of "the minimal civilized measure of life's necessities," but

is instead "unpleasant." *See*, e.g., *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (concluding that prisoner's allegation that defendants deducted money from his prison account pursuant to a restitution order prevented him from obtaining personal hygiene items was insufficient to state a claim for cruel and unusual punishment); *Gillihan v. Schillinger*, 872 F.2d 935, 941 (10th Cir. 1989) (finding that denial of hygiene products may be "restrictive and harsh," but did not amount to cruel and unusual punishment); *Scher v. Purkett*, 758 F. Supp. 1316, 1316 (E.D. Mo. 1991) (holding that denying a prisoner certain personal hygiene products while he is in segregation does not constitute cruel and unusual punishment).

A state has an obligation to provide medical care for individuals it incarcerates and a "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amedment." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To sustain a claim of inadequate medical treatment, a prisoner must demonstrate that the defendants acted with deliberate indifference to his serious medical needs. *Gray v. City of Battle Creek*, 399 F.3d 612, 616 (6th Cir. 2005). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004) (citations omitted). Plaintiff's alleged acne is not a serious medical condition. *See Hudgins v. DeBruyn*, 922 F.Supp. 144, 148 (S.D.Ind.,1996) (finding acne one of several conditions where treatment is for purposes of convenience or comfort, but is not a serious medical need); *Ware v. Fairman*, 884 F.Supp. 1201, 1206 (N.D. Ill. 1995) (finding prisoner's acne not a serious medical condition).

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 17, 2007

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).